IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN STRATEGIC INSURANCE CORP., a/s/o JUSTIN C. GOULET and EMILY GOULET**, <br><br>**Plaintiff,**<br><br>v.<br><br>**MICHAEL W. LOHMAN LLC,**<br><br>**Defendant.** | CIVIL ACTION<br><br><br>NO.  22-CV-02837-WB |

## MEMORANDUM OPINION

This case arises from a fire at the house of Justin C. and Emily Goulet.  Plaintiffs American Strategic Insurance Corporation and Allstate Vehicle and Property Insurance Company brought actions for negligence, breach of implied warranty of quality workmanship, and breach of contract against Defendant Michael W. Lohman LLC.  Plaintiffs alleged Defendant caused the fire by misusing an extension cord and dehumidifier, and Defendant denies it caused the fire.  The parties hired experts to investigate the fire's origin and cause.  Defendant hired James Jones III as a fire investigator and James Badaczewski as an electrical-engineering expert.  In his report Jones claims it is most likely that faulty electrical wiring in the space between the second-story bedroom floor and the first-story sunroom ceiling started the fire by igniting paperback insulation.  Badaczewski concludes that electrical activity in the space between the floors and likely caused the fire.

Pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), Plaintiffs seek to preclude both experts' testimony.  First, Plaintiffs argue Jones "is unable to offer reliable opinions as an expert" because he "fail[ed] to adhere to the appropriate methodology" of fire

investigation. Defendant responds that Plaintiffs have not shown Jones' methodology was inadequate and that any questions about the accuracy of his conclusions should be left to the jury. Second, Plaintiffs argue Badaczewski's opinion is inadmissible because he is not qualified to "make a determination as to the origin of the fire" and he "fail[ed] to test all hypotheses under the scrutiny of the scientific method." Defendant responds that Badaczewski performed an appropriate examination of the evidence and that his conclusions lie within the bounds of his expertise.

For the reasons below, each motion will be granted in part and denied in part.

## I.   LEGAL STANDARD

*Daubert* established a "gatekeeping role" for trial courts regarding admission of expert testimony, and the proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of evidence. *Oddi v. Ford Motor Co.*, 234 F.3d 136, 144 (3d. Cir. 2000) (quoting *Daubert*, 509 U.S. at 593 n.10, 597).[1] An expert's conclusions must "reliably flow from the facts known to the expert and the methodology used." *Id.* at 146. "To satisfy the reliability requirement, 'the expert must have good grounds for his or her belief,' not 'subjective belief or unsupported speculation.'" *T.N. Incorporation, Ltd. v. Fidelity Nat'l Info. Servs. Inc.*, 2021 WL 5980048, at *2 (E.D. Pa. Dec. 17, 2021) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994)). The *Daubert* reliability test is "flexible," and a district court enjoys "broad latitude" both when it makes its "ultimate reliability determination" and "when it decides *how* to determine reliability." *Kumho Tire Co. v. Carmichael*,

---

[1] The *Daubert* standard is codified in Federal Rule of Evidence 702. The rule "embodies a trilogy of restrictions on expert testimony: qualification, reliability, and fit." *Durando v. Trustees of Univ. of Pennsylvania*, 2022 WL 2467080, at *1 (E.D. Pa. July 6, 2022) (quoting *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003)). Plaintiff does not challenge Jones' qualifications. The fit of testimony goes "primarily to relevance," *Daubert*, 509 U.S. at 591, and Plaintiff does not suggest that Jones' opinions are irrelevant or untethered to the facts of the case. The dispute concerns the reliability of Jones' methods.

526 U.S. 137, 141-42 (1999). A district court may consider an expert's deposition testimony when it determines reliability. *See Kumho Tire Co.*, 526 U.S. 137 at 154-55; *Oddi*, 234 F.3d at 148-51. And reliability issues become jury questions when they touch the weight, rather than the admissibility, of an expert's proposed testimony. *Durando*, 2022 WL 2467080, at *4 (E.D. Pa. July 6, 2022).

II. DISCUSSION

    A. **Expert Report of James Jones III**

Jones reported that he developed his opinions by examining the fire scene, considering numerous documents and photographs, and consulting fire-investigation standards promulgated by professional fire-investigation organizations. His report considers fire-spread directionality and patterns, and he engages with Defendant's theory. He considers the reports and testimony of fire officials. In deposition Jones explained that during his fire-scene examination various factors led him to his conclusions, including burn patterns on joists, the densities of different woods, the burn times of different areas, and the locations of greatest damage. He stated he inspected the wire he believed caused the fire.

Plaintiffs argue that Jones' testimony must be precluded because: 1) Jones did not take a photograph of the suspect wire; 2) Jones did not conduct, or order to be conducted, 'arc mapping;'[2] and, 3) Jones conceded in deposition that paperback insulation was in fact not present in the void space between the second-story bedroom floor and the first-story sunroom ceiling and therefore could not have fueled the fire.

No one issue alone justifies precluding all of Jones' testimony. "*Daubert* is not an all-or-nothing test," and "a District Court can independently consider whether each particular

---

[2] Plaintiffs represent that arc mapping is the process of locating and identifying instances of electrical activity within a fire scene.

scientific [or technical] methodology is reliable." *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 189 n.18 (3d Cir. 2012) (quoting *Elcock v. Kmart Corp.,* 233 F.3d 734, 745 (3d Cir. 2000)) (quotations removed).  And *Daubert* does not require a District Court to preclude expert testimony just because its conclusions may be wrong:  "The analysis of the conclusions themselves is for the trier of fact when the expert is subjected to cross-examination." *In re TMI Litig.*, 193 F.3d 613, 665 (3d Cir. 1999), amended, 199 F.3d 158 (3d Cir. 2000) (citing *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 807 (3d Cir. 1997)).  *See also Paoli*, 35 F.3d at 744 (3d Cir. 1994) ("A judge will often think that an expert has good grounds to hold the opinion that he or she does even though the judge thinks that the opinion is incorrect.").

Neither Jones' inability to identify a photograph of the suspect wire nor his decision not to perform arc mapping dooms his report.  First, his report and deposition testimony indicate that he personally examined the wire through the lens of his fire-investigation background and expertise, and he concluded that it likely caused the fire.  His examination meets the low *Daubert* standard for admissibility and any remaining questions about whether his conclusion is correct are matters for cross-examination.  Second, even if arc mapping would have provided helpful information, *Daubert* does not require that experts use all available methods, or even the best methods.  It just requires that they use reliable methods.  "Even if conducting a particular test may have rendered the opinion 'more' reliable, that does not mean that without it, the opinion is unreliable." *Dalton v. McCourt Elec. LLC*, 112 F. Supp.3d 320, 329 (E.D. Pa. 2015).  And the issue of whether a particular method or test is better than another is a question of weight, not admissibility.  *See Kannankeril*, 128 F.3d at 809.

But though the *Daubert* standard is generous, "[i]t is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record."

*Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002).  In his report Jones declares "paperback insulation present in the dining room wall and ceiling space below the second floor provided an initial and sustaining fuel load for this fire" and "permanent electrical wiring was located directly behind paperback insulation within the void space" between the first-story sunroom and the second-story bedroom.  He concludes in part that "[t]he initial fuel load for this fire was Class A combustible paperback insulation."  But the record does not include any evidence of insulation in the void space between the floors, and his report does not explain what evidence led him to conclude insulation was present.  Then in deposition he testified that in fact he had no evidence indicating insulation was present, that no photographs showed insulation, that no staples suggested the previous presence of insulation, and that therefore insulation between the sunroom ceiling and the bedroom floor could not, in fact, have been the fire's first fuel.

Most of Jones' testimony is supported by sufficiently reliable analysis.  But no record evidence supports his initial declaration that insulation existed in the void space, and Jones himself rejected the assertion that insulation existed in the void space.  Therefore, Plaintiffs' motion as to Jones will be granted to the extent of precluding any testimony arising from the assumption that insulation existed in the void space between the first-story sunroom and the second-story bedroom, and denied in all other respects.

**B.  Expert report of James Badaczewski**

Badaczewski is an electrical engineer.  In a short report he concluded "the fire occurred between the first floor sunroom ceiling and below the master bedroom on the second floor and the cause of the fire was most likely related to the electrical conductors with noticeable electrical activity [in the] area of fire origin."  His report is slim.  It does not explain in detail which tests

or analyses Badaczewski performed. But it does indicate that he performed two site inspections, consulted field notes and photographs of the site from other inspectors, and reviewed field notes, x-rays, and photographs from his own laboratory examination of the evidence. It recounts various observations about the electrical conductors, circuit breakers, and the dehumidifier and extension cord.

Plaintiffs do not contest that he possesses specialized expertise in electrical engineering, but as he acknowledged in deposition, he is not a fire-investigation expert. "A witness is qualified to provide expert testimony only if the witness has 'specialized expertise' in the testimony's subject matter." *Sec. & Exch. Comm'n v. Ambassador Advisors, LLC*, 576 F. Supp.3d 250, 255 (E.D. Pa. 2021) (citing *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003)) (emphasis removed). And "expert testimony is generally required to establish fire cause and origin." *Mains v. Sherwin-Williams Co.*, 640 F. Supp.3d 373 (E.D. Pa. 2022). [3]

Neither *Daubert* nor Rule 702 requires a fire-investigation expert to possess a particular academic degree or experiential background. *Waldorf v. Shuta*, 142 F.3d 601, 627 (3d Cir. 1998). But Defendant offers no evidence that Badaczewski has *any* degree of fire-investigation expertise. Indeed, in deposition Badaczewski acknowledged that he is not qualified to opine on fire cause and origin. Therefore, he may not offer expert opinions of his own regarding the fire's cause or origin.

---

[3] Plaintiffs contend at length that Defendant's experts' reports are inadmissible in part because Jones and Badaczewski did not adhere to every recommended step of National Fire Protection Association (NFPA) standard 921. But while NFPA 921 may be helpful, it is not dispositive. A fire expert who "adequately took a 'systematic approach' and applied the 'scientific method' in his investigation" may be *Daubert*-qualified even if he did not apply each recommendation of NFPA 921. *Dalton*, 112 F. Supp.3d at 327 n.7 (E.D. Pa. 2015).

### III. CONCLUSION

Accordingly, Plaintiffs' motion as to Jones will be granted in part and denied in part. Plaintiffs' motion as to Badaczewski will be granted in part and denied in part.

An appropriate order follows.

BY THE COURT:

/s/ Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**